UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, | ) C/A No. 3:11-3256-TMC-JRM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, Wayne McCabe, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Background**

Petitioner is an inmate at Lieber Correctional Institution in Ridgeville, South Carolina. He has a long history of filings in this Court, the most recent spate of which arise from his attempts to obtain review, reversal, or vacation of a kidnaping conviction and life without parole sentence entered by the Spartanburg County General Sessions Court in 1987. *See, e.g.*, Civil Action Nos. 3:11-3113, 3:11-3034, 2:11-252, 2:10-3249, 3:10-3239, and 3:09-630. Petitioner's primary claim in all of these previous unsuccessful filings has been that he is being unconstitutionally incarcerated because he made a plea "contract" in Spartanburg County that was not carried out by the state court judge, who sentenced him to life without parole instead of the ten years-to-life sentence for which

he claims to have contracted. After his initial § 2254 petition regarding that conviction and sentence was considered on the merits and dismissed as untimely by this Court in 1998 in Civil Action No. 3:98-61, Petitioner unsuccessfully argued that the time limitations under § 2254 are unconstitutional and that, as applied, they are making his a "slave" to the state of South Carolina. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

Similar claims of unconstitutional breach of contract and slavery are made in the habeas corpus Petition submitted in this case. Petitioner asserts that since the South Carolina Department of Corrections (SCDC) uses some federal funds in keeping him incarcerated, he can raise his claims of unconstitutional confinement under 28 U.S.C. § 2241 without regard to the time and successiveness limitations that have precluded his previous attempts to challenge the validity of his state conviction and sentence under § 2254. He asks to have his conviction and sentence vacated, to have a jury trial in Spartanburg County, and, if convicted, to be sentenced to the time he has already served in SCDC custody.

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## Analysis

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because all of Petitioner's claims about the underlying validity of his state criminal convictions are cognizable only under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241. *See Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004)(relying on *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), and holding: "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition.")*; White v. Lambert,* 370 F.3d 1002, 1005-09

(9th Cir. 2004)(explaining the distinctions between § 2254 and § 2241; where a prisoner is in custody *under a state court judgment*, § 2254 is exclusive jurisdictional grant); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)(same); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000) (same). It has been specifically held that prisoners who are in custody under a state court judgment, like Petitioner here, may not resort to § 2241 in an attempt to circumvent the procedural requirements of § 2254, such as the statute of limitations and the restrictions on second or successive petitions, even where the underlying validity of the state court conviction was not expressly at issue. *See, e.g., Rittenberry v. Morgan*, 468 F. 3d 331, 336 n.3, 337-38 (6th Cir. 2006) (underlying validity of conviction at issue); *Thomas,* 371 F. 3d at 787 (parole decision at issue); *Walker*, 216 F. 3d at 633(prison disciplinary action involving loss of good time); *Greenawalt v. Stewart*, 105 F. 3d 1287, 1287 (9th Cir. 1997) (manner of execution of sentence, not invalidity of conviction). *But see Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007) (acknowledging the "majority" line of cases requiring state prisoners to always proceed under § 2254 and finding the ruling construing a § 2241 petition as an untimely § 2254 petition "debatable" where the underlying validity of the state court conviction was not at issue).

This case is quite similar to a case disposed of by this Court in 2007, citing both *Thomas* and *Medberry* to summarily dismiss a Petition filed by a state prisoner who refused to submit a § 2254 petition when directed to do so by the Court and demanded that his originally submitted pleading be considered as a petition filed under § 2241 because it would be untimely under § 2254. *Harley v. South Carolina*, No. 9:07-1750-DCN-GCK, 2007 WL 2579444 (D.S.C. Sept. 4, 2007); *see also Alston v. Warden, Lieber Corr. Inst.*, No. 6:07-2724-RBH-WMC, 2008 WL 5115044 (D.S.C. Dec.

4, 2008)(same).  In the Report and Recommendation filed and adopted in the *Harley* case, the assigned magistrate judge stated:

> Because the petitioner is in custody pursuant to the judgment of a state court, he cannot evade the procedural requirements of 28 U.S .C. § 2254 by filing an action purporting to be a § 2241 petition. *Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004).  Section 2254 applies to a subset of those to whom § 2241(c)(3) applies, that is, " 'a person in custody *pursuant to the judgment of a state court'* who is 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Id.* at 786 (quoting 28 U.S.C. § 2254(a) (emphasis added)). If a person is in state custody pursuant to something other than a state court judgment, for example a state pre-trial bond order, then his habeas petition is not governed by § 2254.  *Id.* at 787.  If this were not the case, then "a state prisoner could simply opt out of its [2254] operation by choosing a different label for his petition." *Id.* (citing *Medberry v. Crosby,* 351 F.3d 1049 (11th Cir. 2003)). *Cf. Wade v. Robinson,* 327 F.3d 328, 331 (4th Cir. 2003) (2244(d)(1), the one year statute of limitations, "applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment").
>
> It appears that this petitioner desires to label his habeas petition as a § 2241 in his attempt to avoid the one year AEDPA statute of limitations placed upon § 2254 petitions and because he wishes to avoid procedural default rules that may arise because he failed to file a PCR petition with the South Carolina state courts. *See Woodford v. Ngo,* 126 S.Ct. 2378, 2387 (2006) (if a petitioner procedurally defaulted claims by failing to raise them for state court review "the prisoner generally is barred from asserting those claims in a federal habeas proceeding"). . . . Unfortunately for petitioner, he cannot select a label for his habeas petition and thwart Congress' statutory rules governing habeas petitions. The record shows that the petitioner is in custody pursuant to a state court criminal judgment for trafficking cocaine, he alleges that his constitutional rights were violated, and he requests that his conviction be vacated by this action. Therefore, he should file a habeas petition pursuant to 28 U.S.C. § 2254.

 2007 WL 2579444, * 2-3 (footnote omitted).

The undersigned takes judicial notice of the Report and Recommendation (ECF No. 19) and the final Order (ECF No. 21) issued in *Harley*, Civil Action No. 9:07-1750-DCN-GCK, as well as those issued in *Alston*, Civil Action No. 6:07-2724-RBH-WMC (ECF Nos. 10, 15).  This case is subject to summary dismissal for the same reasons that the *Harley* and *Alston* cases were subject to

summary dismissal. In *Aloe Creme Laboratories, Inc. v. Francine Co.*, the United States Court of Appeals for the Fifth Circuit commented: "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Id.* at 1296; s*ee also United States v. Parker*, 956 F.2d 169, 171(8th Cir. 1992). That same sentiment is true in this case.

Review of Petitioner's extensive history of filings in this Court shows that he realizes that his Petition would be subject to summary dismissal for untimeliness and successiveness were it considered under § 2254. He cannot be permitted to circumvent the § 2254 filing limitations by now claiming that his Petition should be governed by § 2241, and the fact that SCDC might expend some funds provided by the federal government has no bearing on this Court's lack of subject matter jurisdiction under § 2241 to review Petitioner's state conviction and sentence.

### Recommendation

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed.

Petitioner's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

January 3, 2012
Columbia, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).