IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Paul Leslie Cox, #75206, ) | |
| ) | C/A No. 3:11-3256-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden, Wayne C. McCabe, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on December 2, 2011. (Dkt. # 1). Petitioner is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections serving a life sentence for kidnapping imposed in 1987.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On December 8, 2011, Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("Report") recommending that the Petition be dismissed with prejudice and without requiring Respondent to file an Answer or return. (Dkt.# 8). The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 8 at 7). Petitioner filed objections to the Magistrate Judge's Report on January 9, 2012. (Dkt. # 10).

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Magistrate Judge recommended that the Complaint be dismissed without prejudice because Petitioner's claims are cognizable only in a 28 U.S.C. § 2554 habeas action, and not in a petition brought pursuant to § 2241. (Report at 3). As noted above, Plaintiff filed objections to the Report which the Court has carefully reviewed. However, the Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition. The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims.[1]

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Petition is **DISMISSED** with prejudice and without requiring Respondent to file an Answer or return.

---

[1] Petitioner contends the Magistrate Judge erred in stating that he was claiming a plea bargain violation. He argues he is raising a double jeopardy claim. The nature of Petitioner's underlying claims, however, would not impact the Magistrate Judge's analysis.

Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 10, 2012
Greenville, South Carolina